**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Israel Hernandez-Barraza,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, Director of Arizona Department of Corrections; and the Attorney General of the State of Arizona,<br><br>Respondents. | No. CV-17-00158-PHX-DGC (ESW)<br><br>**ORDER** |

In August 2007, Petitioner was indicted on multiple counts of sexual conduct with a minor and kidnapping. Doc. 9-1 at 3-5. The charges arose from allegations that Petitioner forced his seven-year-old neighbor into his apartment and sexually assaulted her. *Id.* at 59. In July 2008, Petitioner pled guilty in state court to one count of sexual conduct with a minor and two counts of attempted child molestation. *Id.* at 30-58. He presently is confined in state prison serving a 27-year sentence. *Id.* at 64-75.

He filed a petition for writ of habeas corpus on January 17, 2017, asserting three grounds for relief: a sixth amendment claim for ineffective assistance of counsel, a fourteenth amendment claim for trial court malfeasance, and a fifth amendment claim for an improper sentence. Doc. 1 at 6-8. The first two claims allege that the sentence was based on an amended plea agreement that the trial judge did not have a copy of at the

time of sentencing. *Id.* at 6-7. The third claim alleges that Petitioner was not advised of his right to have a jury determine aggravating facts. *Id.* at 8.

Magistrate Judge Eileen S. Willett has issued a Report and Recommendation (R&R) that the petition be denied as untimely because it was filed more than six years late. Doc. 12. Petitioner has filed an objection to the R&R, to which the State has responded. Docs. 13, 14. The Court will overrule the objection and accept Judge Willett's recommendation.

## I. Statute of Limitations.

Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 et seq. The AEDPA establishes a one-year statute of limitations for habeas petitions filed by state prisoners. § 2244(d)(1). The limitation period generally begins to run when the state conviction becomes final by the expiration or conclusion of direct review. § 2244(d)(1)(A). Statutory tolling is available for the time during which a properly filed application for post-conviction relief is pending. § 2244(d)(2). For equitable tolling to apply, the petitioner "must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

## II. The R&R and Petitioner's Objection.

The AEDPA's one-year limitation period began to run on December 12, 2009, after the conclusion of Petitioner's initial post-conviction relief ("PCR") proceeding. Doc. 12 at 4. Judge Willett found no statutory tolling of the limitation period. *Id.* at 5-6. Judge Willett further found that Petitioner is not entitled to equitable tolling because he has identified no extraordinary circumstance that prevented him from timely filing a petition. *Id.* at 6-8. Judge Willett concluded that Petitioner's habeas petition is time-barred under the AEDPA because it was filed long after the limitation period expired on December 11, 2010. *Id.* at 4-5, 8.

Petitioner does not specifically object to Judge Willett's findings that the limitation period began to run on December 9, 2009, and expired one year later before Petitioner sought federal habeas relief. Rather, Petitioner generally challenges Respondents' arguments that he has not diligently pursued his claims for relief. Doc. 13 at 2. Petitioner contends that he has been diligently fighting his case for the past ten years, and he was not able to seek appellate review of his first PCR petition due to a language barrier and his unfamiliarity with the law. *Id.* at 2-3. The Court will consider this argument de novo, and adopt without further discussion the portions of the R&R to which Petitioner does not specifically object. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**III. Discussion.**

The standard for equitable tolling of the limitation period "is a very high bar, and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). Judge Willett found, correctly, that Petitioner's ignorance of the law and status as a pro se inmate do not warrant equitable tolling. Doc. 12 at 7 (citing *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)).

A petitioner's difficulty with the English language can justify equitable tolling, but only where the language barrier actually prevents timely filing. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). A non-English-speaking petitioner seeking equitable tolling "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* Petitioner has made no such showing. Indeed, Petitioner does not even allege that he is unable to read and speak English. The Court agrees with Judge Willett's findings that Petitioner has not shown a basis for equitable tolling of the AEDPA's one-year limitation period.

Petitioner does not assert an exception to the time bar based on a miscarriage of justice or actual innocence. Doc. 13 at 4. To the contrary, Petitioner admits his wrongdoing but attributes it to his being "a young male adult whose feelings of attraction to the young female overstepped the boundaries." Id. at 2. The victim Petitioner preyed upon and sexually assaulted was a seven-year old child. The trial court sentenced Petitioner to the stipulated maximum sentence of 27 years because of the age of the victim and the emotional trauma she experienced from sexual assault. Doc. 9 1 at 70-71. Even if the petition in this case were timely filed, Petitioner's request for a sentence reduction as a first-time offender is without merit. Doc. 13 at 2-4

**IT IS ORDERED:**

1. Magistrate Judge Eileen S. Willett's R&R (Doc. 12) is **accepted**.
2. The petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.
3. A certificate of appealability is **denied**.
4. The Clerk is directed to **terminate** this action.

Dated this 19th day of April, 2018.

_____
David G. Campbell
United States District Judge